16-3619-pr
*Jenson v. Mullin*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 5ᵗʰ day of June, two thousand seventeen.

PRESENT:     JON O. NEWMAN
             JOSÉ A. CABRANES,
             GERARD E. LYNCH,
                      *Circuit Judges*,

———————————————————————

EDWIN J. JENSON,

                     *Plaintiff-Appellant*,                    16-3619-pr

                    v.

CORRECTIONAL OFFICER JOHN MULLIN, JR.,

                     *Defendant-Appellee.*<sup>*</sup>

———————————————————————

| | |
|---|---|
| **FOR PLAINTIFF-APPELLANT:** | BELLA S. SATRA, (David M. Cost, *on the brief*), Barclay Damon, LLP, Albany, NY. |
| **FOR DEFENDANT-APPELLEE:** | CHARLES C. SPAGNOLI, The Law Firm of Frank W. Miller, East Syracuse, NY. |

---

* The Clerk of Court is directed to amend the caption as indicated above.

1

Appeal from a judgment of the United States District Court for the Northern District of New York (Mae A. D'Agostino, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the District Court be and hereby is **AFFIRMED**.

Plaintiff-appellant Edwin J. Jenson brought claims under 42 U.S.C. § 1983 against correction officer John Mullin, Jr., alleging a denial of his constitutional right to due process in the prison disciplinary proceedings against him. In a September 27, 2016 Memorandum Decision and Order, the District Court granted summary judgment to Mullin on the grounds that there was no violation of due process and, in the alternative, that Mullin was entitled to qualified immunity with respect to any such violation. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

Shortly after being conditionally released from the Chenango County Correctional Facility ("CCCF"), Jenson tested positive for Suboxone and appeared at a hearing in Chenango County Court. Several witnesses—including the Chenango County Drug Coordinator Jim Everard and Jenson's probation officer Jonathan Dunckel—reported to Mullin's fellow correction officers, including one Sergeant Hackett, that in that hearing Jenson admitted to having obtained and used drugs while incarcerated at CCCF. According to these witnesses, Jenson had also provided a plausible explanation for how he obtained Suboxone at CCCF (including naming the inmate, incarcerated on his cell block, who had supplied the drugs). Upon Jenson's return to CCCF, Mullin presided over a disciplinary hearing against Jenson pertaining to the conduct he had allegedly admitted. Prior to the hearing, Mullin personally spoke to Sergeant Hackett as well as Dunckel and Everard, but none of these individuals themselves provided evidence during the hearing. Among other things, Jenson argued at the hearing that he had said merely that he "could have" obtained and used Suboxone while incarcerated at CCCF in an attempt to avoid having his conditional release revoked. Mullin found Jenson guilty and he was sentenced principally to 120 days of administrative segregation.

On appeal, Jenson argues that he was denied due process because there was no "'reliable evidence'" of his guilt in the record. Jenson Br. 16 (quoting *Luna v. Pico*, 356 F.3d 481, 488 (2d Cir. 2004)). Substantially for the reasons stated by the District Court in its Memorandum Decision and Order, and the fact that Mullin acknowledged at the hearing making an admission in the County Court that corroborated the hearsay statements, we conclude that there was no violation of Jenson's due process rights and Mullin was entitled to summary judgment.

Accordingly, the September 27, 2016 judgment of the District Court is **AFFIRMED**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk